# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | | |
|---|---|---|
| **JIMMY CHARLES STRONG** | * | **CIVIL ACTION NO.  10-1406** |
| **VERSUS** | * | **JUDGE S. MAURICE HICKS** |
| **MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT & RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits.  The district court referred the matter to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).  For the reasons assigned below, it is recommended that the decision of the Commissioner be **REVERSED and REMANDED for further proceedings.**

## Background & Procedural History

Jimmy C. Strong filed the instant applications for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income payments on August 22, 2008.  (Tr. 73-86).  He alleged disability as of October 20, 2007, because of three bulging discs in his lower back.  (Tr. 93, 127).  The claims were denied at the initial stages of the administrative process.  (Tr. 45-51).  Thereafter, Strong requested and received a December 18, 2008, hearing before an Administrative Law Judge ("ALJ").  (Tr. 17-44).  However, in an August 26, 2009, written decision, the ALJ determined that Strong was not disabled under the Social Security Act, finding at Step Five of the sequential evaluation process that he was able to make an adjustment to other work that exists in substantial numbers in the national economy.  (Tr. 7-16).  Strong appealed the

adverse decision to the Appeals Council.  On July 8, 2010, however, the Appeals Council denied Strong's request for review; thus the ALJ's decision became the final decision of the Commissioner.  (Tr. 1-3).

On September 9, 2010, Strong sought review before this court.  He alleges the following errors:

(1)     the ALJ's Step Three determination is not supported by substantial evidence; and

(2)     the ALJ's residual functional capacity assessment is not supported by substantial evidence.

## Standard of Review

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards.  *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990).  Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed.  *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying improper legal standards.  *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. at 401.  Substantial evidence lies somewhere between a scintilla and a preponderance.  *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).  A finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination.  *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).  The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner.  *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

2

**Determination of Disability**

Pursuant to the Social Security Act ("SSA"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability.  *See* 42 U.S.C. § 423(a)(1)(D).  The SSA defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).  Based on a claimant's age, education, and work experience, the SSA utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work.  *See* 42 U.S.C. § 423(d)(2)(A).  Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the SSA.  *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Commissioner of the Social Security Administration has established a five-step sequential evaluation process that the agency uses to determine whether a claimant is disabled under the SSA.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The steps are as follows,

(1)     An individual who is performing substantial gainful activity will not be found disabled regardless of medical findings.

(2)     An individual who does not have a "severe impairment" of the requisite duration will not be found disabled.

(3)      An individual whose impairment(s) meets or equals a listed impairment in [20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.

(4)     If an individual's residual functional capacity is such that he or she can still perform past relevant work, then a finding of "not disabled" will be made.

> (5)     If an individual is unable to perform past relevant work, then other factors
>           including age, education, past work experience, and residual functional
>           capacity must be considered to determine whether the individual can make
>           an adjustment to other work in the economy.

*See Boyd v. Apfel*, 239 F.3d 698, 704 -705 (5th Cir. 2001);  20 C.F.R. § 404.1520.

The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).  When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated.  *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990).  If at any point during the five-step review the claimant is found to be disabled or not disabled, that finding is conclusive and terminates the analysis.  *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

## <u>Analysis</u>

### I.      <u>Steps One, Two, and Three</u>

The ALJ determined at Step One of the sequential evaluation process that Strong did not engage in substantial gainful activity during the relevant period.  (Tr. 12).  At Step Two, he found that he suffers from lumbar spine degenerative joint disease – a severe impairment.  *Id*.  The ALJ concluded, however, that the impairment was not severe enough to meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4, at Step Three of the process.  (Tr. 12).

Plaintiff contends that the ALJ failed to properly evaluate whether his impairment met the listing for disorders of the spine, i.e. 20 C.F.R. Subpart P, App. 1, Section 1.04A.  The ALJ is required to discuss the evidence and explain the basis for his findings at each unfavorable step of the sequential evaluation process.  *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (citing 42

U.S.C. § 405(b)(1)).  Nonetheless, the ALJ's failure to do so does not require remand unless the claimant's "substantial rights" were affected.  *Id.*[1]  A claimant's substantial rights are affected at Step Three when he demonstrates that he meets, or at least appears to meet, the requirements for a listing.  *See Audler, supra*.

Plaintiff contends that his impairment meets the listing for disorders of the spine.  The relevant section provides:

> 1.04.  Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> > A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); . . .

20 C.F.R. Subpart P, App. 1, Section 1.04A.

To establish that a claimant's injuries meet or medically equal a listing, the claimant must provide medical findings that support all of the criteria for a listed impairment (or most similarly listed impairment).  *See Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990).  In determining whether a claimant's impairment(s) equals a listing, all evidence in the case record about the claimant's impairments and their effects are considered.  20 C.F.R.  § 404.1526(c).  An impairment that manifests only some of the requisite criteria, no matter how severely, does not qualify.  *Sullivan v. Zebley*, 493 U.S. 521, 530, 110 S.Ct. 885, 891 (1990).  If the plaintiff fails to demonstrate the specified medical criteria, the court will find that substantial evidence supports

---

[1]  In other words, the ALJ's error may be harmless.  *Audler, supra*. (citing *Morris v. Bowen*, 864 F.2d 333, 334 (5th Cir. 2007)).

5

the ALJ's finding that listings-level impairments are not present.  *Selders*, 914 F.2d at 620.

The instant ALJ summarily concluded that Strong's impairment did not meet or equal a listing.  (Tr. 12).  Upon dissecting the criteria for Listing 1.04A, however, there is at least some record evidence to support each requisite component.  First, an MRI confirmed a diagnosis for spondylosis and degenerative disc disease in the spine, with disc protrusion which is causing impingement on the existing nerve root.  (Tr. 163).  Further, there is evidence of,

1)  Nerve root compression: impingement of nerve roots.  (Tr. 160);

2)  Neuro-anatomic distribution of pain: complaints of pain radiating to feet (Tr. 182);

3)  Limitation of motion of the spine: can bend very little (Tr. 102); pain upon extension and flexion, but minimal limitation of range of motion (Tr. 165);

4)  Motor loss (atrophy or motor weakness): some weakness of bilateral hip flexion. (Tr. 165);

.

5)  Sensory or reflex loss: numbness (Tr. 182);

6)  Positive Straight-leg raising test: Straight leg raises were 30degrees bilaterally (Tr. 169); straight leg raise test positive (Tr. 160).

To be sure, the record does contain evidence that would support a finding that Strong did not exhibit all of the criteria necessary to meet Listing 1.04A.  However, the instant ALJ did not weigh or otherwise explain his basis for resolving the conflicting record evidence.  The ALJ's failure to adequately discuss the evidence and explain the basis for his Step Three findings is an error that affects plaintiff's "substantial rights" and requires remand.  *See Audler, supra.*

## II.  Residual Functional Capacity

The ALJ next determined that Strong retains the residual functional capacity to perform a wide range of sedentary work, reduced by the ability to only occasionally climb (but not ladders,

ropes, scaffolds, etc.), balance, stoop, kneel, crouch, and crawl.  (Tr. 13).[2]

Plaintiff contends that the ALJ's residual functional capacity is not supported by substantial evidence.  The court agrees.  Neither the claimant,[3] nor any physician has indicated that Strong is capable of meeting the exertional demands of sedentary work for a full work day. In fact, the record is devoid of any opinion by a consultative, examining physician or a non-examining agency physician.[4]  Instead, the ALJ appears to have autonomously derived plaintiff's residual functional capacity.  (Tr.  13-14).  However, in the absence of any valid medical assessment or other corroborating evidence to support the ALJ's residual functional capacity determination, the court is constrained to find that the ALJ's assessment is not supported by substantial evidence.  *See Williams v. Astrue*, 2009 WL 4716027 (5th Cir. Dec. 10, 2009) (unpubl.) ("an ALJ may not rely on his own unsupported opinion as to the limitations presented

---

[2]     Sedentary work entails:
> . . . lifting no more than 10 pounds at a time and occasionally
> lifting or carrying articles like docket files, ledgers, and small tools.
> Although a sedentary job is defined as one which involves sitting, a
> certain amount of walking and standing is often necessary in
> carrying out job duties.  Jobs are sedentary if walking and standing
> are required occasionally and other sedentary criteria are met.

20 C.F.R. 404.1567(a).

[3]  Plaintiff's testimony does not support a residual functional capacity for sedentary work. *See* Tr. 31, 33 (after 45 minutes of sitting or standing, he has to lie down).

[4]  The ALJ referred to a Physical Residual Functional Capacity Assessment that he believed was completed by a "state agency medical consultant."  (Tr. 14).  It is apparent, however, that the assessment was completed by a state disability examiner.  *See* Tr. 45, 180. Moreover, a disability examiner is not a medical doctor, and her opinion is not considered an acceptable medical source statement or afforded the same weight as an opinion of a medical or psychological consultant of the state agency.  *See* 20 C.F.R. §§ 416.927(f) and 416.913(a)-(d), *see also* Program Operations Manual System ("POMS") DI 24501.001 THE DISABILITY DETERMINATION SERVICES (DDS) DISABILITY EXAMINER (DE) – MEDICAL/PSYCHOLOGICAL CONSULTANT (MC/PC).

by the applicant's medical conditions"); *Ripley v. Chater,* 67 F.3d 552, 557 -558 (5th Cir. 1995) (substantial evidence lacking where:  no medical assessment of claimant's residual functional capacity, and claimant's testimony was inconsistent with ALJ's assessment); *Butler v. Barnhart*, Case Number 03-31052 (5th Cir. 06/02/2004) (unpubl.) (in the absence of medical opinion or evidence establishing that the claimant could perform the requisite exertional demands, the ALJ's determination is not supported by substantial evidence).[5]

### III.    Step Five and Remand

Because the foundation for the Commissioner's Step Five determination was premised upon a residual functional capacity that is not supported by substantial evidence, the court further finds that the Commissioner's ultimate conclusion that plaintiff is not disabled, is likewise not supported by substantial evidence.

### Conclusion

For the above-stated reasons,

**IT IS RECOMMENDED** that the Commissioner's decision be **REVERSED** and **REMANDED** pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent herewith.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen  (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or

---

[5]  The Commissioner emphasizes that plaintiff worked for a lawn service since the alleged onset date.  (Tr. 117).  However, the state agency determined that the work was not at the substantially gainful level.  (Tr. 123).  Furthermore, the work attempt proved short-lived (Tr. 23); thus, it does not appear to have been sufficiently consistent or persistent enough to support a residual functional capacity for at least sedentary work.

response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 23rd day of December 2011.


KAREN L. HAYES
U. S. MAGISTRATE JUDGE